CHARLES WEISHAR, Respondent, v. JOHN L. SHERIDAN, Admr. et al., Appellants.

**Kansas City Court of Appeals, December 31, 1912.**

1. **INJUNCTIONS: Surface Water: Demurrer.** Plaintiff sued the defendants for unlawfully and maliciously collecting surface water from their lands and precipitating it in a body on the land of the plaintiff and to enjoin them from doing so in the future. A permanent injunction was granted and damages awarded. *Held,* that the demurrer to the evidence was properly overruled and a proper judgment rendered.

2. ———: ———: **Dominant and Servient Proprietors.** Surface water is a common enemy against which every landowner

must protect himself and a servient proprietor has no right to require protection at the hand of the dominant proprietor, but the dominant proprietor has no right to collect the excess surface water and cast it in a body on the servient land.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Higbee & Mills* and *A. Doneghy* for appellants.

*F. H. McCullough* for respondent.

JOHNSON, J.—This action was commenced in Knox county but a change of venue was granted and it was sent to Adair county where it was tried and a judgment rendered for plaintiff. The parties are neighboring farmers in Knox county and the cause of action pleaded in the petition is the alleged unlawful and malicious act of defendants in collecting surface water from their land and precipitating it in a body on the land of plaintiff to his injury and damage. The prayer of the petition is for the recovery of both compensatory and punitive damages and for a writ of injunction to restrain defendants from continuing the nuisance. The issues relating to the cause at law were tried to a jury and a verdict was returned in favor of plaintiff which assessed compensatory damages at $126.25 and punitive damages at one dollar.

The issues pertaining to the prayer for equitable relief were tried by the court and a permanent injunction was issued in conformity to the prayer. The court made and filed findings of fact which, being well supported by evidence, we have used in the preparation of our statement of the facts of the case.

The scene of the events that gave rise to the present controversy was at the intersection of two public roads in Knox county. One an east and west road we

shall call the Edina road and the other a north and south road called the Sheridan road which came from the north and ended at its intersection with the Edina road. Defendants owned a large farm on the north side of the Edina road and this farm was bisected by the Sheridan road. They also owned the farm south of the Edina road and immediately west of plaintiff's farm which consisted of forty-five acres of land east of the line that would have marked the east side of the Sheridan road had it been extended south. The natural drainage of all this land was towards the southeast, and plaintiff's land, before the establishment of the public roads and the drainage ditch we shall describe, was servient to defendants' land and received its surplus surface water. A natural watercourse coming from the northwest crossed the Edina road at a point some distance west of the road intersection, curved to an eastward course and flowed across the lands south of the Edina road to a point near the east side of plaintiff's farm and then, turning towards the northeast, again crossed the Edina road. Plaintiff's house and well were between this watercourse and the Edina road. When that road was established a drainage ditch was dug along its north side and the surface waters from defendants' land north of the road were carried by that ditch and emptied into the watercourse at the place of the second crossing. Afterward when the Sheridan road was established, a culvert was put in at the ditch crossing. Before the roads and ditch were built, surface water coming from the higher land of defendants passed over a natural depression in plaintiff's land in a southeasterly course and emptied into the natural watercourse. The drainage of such water through the ditch relieved the land of plaintiff from this servitude and opened to cultivation the land in the depression which had been too marshy for successful tillage. This method of drainage had been continued during a pe-

riod of more than fifteen years when defendants, in October, 1907, without permission from the constituted authorities, entered upon the public roads, tore out the culvert across the Sheridan road, filled up the ditch at that place and put in a culvert across the Edina road in line with the west side of the Sheridan road. The result of this change was to divert the flow of the surface water collected by the ditch from defendants' land west of the Sheridan road to a course across the Edina road and thence eastward to the depression on plaintiff's farm. The land in the depression again was made unfit for cultivation and the well was polluted and its usefulness destroyed. In October, 1908, plaintiff, with permission of the authorities, took out the culvert across the Edina road and replaced the one crossing the Sheridan road, but defendants immediately destroyed his work and restored their own. This suit followed. Defendants attempted to justify their violent conduct with the excuse that the ditch on the north side of the Edina road was a menace to their fences, but the court found, we think properly, that they were prompted not by the motive of protecting their own property but by ill will and malice towards plaintiff.

We think the court did not err in overruling defendants' demurrer to the evidence. We give full recognition to the rule that surface water is a common enemy against which every landowner must protect himself and that a servient proprietor has no right to require protection at the hand of the dominant proprietor, but that rule never has been applied in a manner to allow a dominant proprietor to collect the excess surface water from his own land and cast it in a body on the servient land. Defendants not only did that very thing but without even a pretense of lawful authority for so doing, wilfully destroyed a public drainage ditch obviously designed and used for the benefit of their own lands as well as those of plaintiff.

It is useless to try to justify such conduct and no useful purpose would be served by a discussion of the many questions of law argued in the briefs. The demurrer to the evidence was properly overruled.

The petition states a good cause of action, the rulings on the evidence and the instructions to the jury are free from prejudicial error. The judgment is affirmed. All concur.